OPINION
Defendant-appellant Lee A. Smith appeals March 13, 2001 Judgment Entry of the Ashland County Municipal Court in which the court denied appellant's motion for sanctions against plaintiff-appellee, Century 21-Rambaugh Associates, Inc. Realty.
 STATEMENT OF THE CASE AND FACTS
On July 24, 2000, appellee filed a complaint for breach of contract to recover the amount of a commission on the sale of appellee's home pursuant to a listing agreement between the parties. The complaint alleged appellant agreed to pay appellee a 6% commission "earned when a binding contract to purchase [had] been executed and/or when [appellee had] produced a buyer ready, willing and able to buy."
The complaint alleged appellant entered into a binding contract for the sale of appellant's home with Brad Zehner on May 23, 2000. That contract stated the closing would occur on June 21, 2000, or as mutually agreed by the parties. The complaint alleges the closing date was extended to the middle of the week of July 17, 2000, by the parties. Further, the complaint alleges appellant refused to close on the deal and instead chose to rent the premises. Appellee maintains this conduct amounted to a breach of the listing agreement and therefore, appellee is entitled to the full commission contemplated in the agreement.
On August 21, 2000, appellant filed his answer wherein he denied almost each of the substantive allegations contained in the complaint.
On November 28, 2000, appellant filed a "Memorandum Re Plaintiff's Violation of O.R.C. 2323.51 and 2323.52." In a Judgment Entry filed December 5, 2000, the trial court, memorializing a pretrial on the matter, noted appellant's claim for attorney fees due to alleged frivolous conduct by appellee would be tried to the court simultaneous with the jury trial on appellee's claim for breach of contract. The matter proceeded to trial on February 2, 2001.
At trial, appellee presented the testimony of Jane Baker, the listing agent from Century 21, who attempted to sell appellant's home. Ms. Baker testified she had been friends with appellant and his wife before this transaction, and had put in more hours than usual in an attempt to sell appellant's home. Ms. Baker testified she understood appellant was having financial difficulties and therefore showed the house more often than normal, and conducted open houses almost every weekend. Ms. Baker testified she located a buyer, Bradley Zhener, who initially scheduled a closing for June 21, 2000. The sale did not close on the property, as anticipated because there were problems with Mr. Zhener's attempt to obtain financing.
The original listing agreement was signed December 20, 1999, and was set to expire on March 20, 2000. Thereafter, the parties signed an extension extending the listing agreement to June 30, 2000.
Appellee also presented the testimony of Gregory Flannigan, a loan originator with Erie Shore Mortgage Company. Mr. Flannigan attempted to obtain financing for Mr. Zehner in conjunction with the Department of Veteran's Administration. Because the loan was to be partially guaranteed by the Veteran's Administration, Mr. Flannigan detailed the specific steps required before the loan could be approved. Mr. Flannigan indicated he was unable to approve Mr. Zhener's financing by June 21, 2000. However, Mr. Flannigan noted he continued to work on the file into July. On July 11, he received verbal approval from the Veteran's Administration underwriter, and on July 12, he received the written commitment of the partial guarantee. This commitment was conditioned upon certain repairs being made to the premises and receipt of satisfactory inspections for wood boring insects, and for well and septic systems.
In a March 13, 2001 Judgment Entry, the trial court memorialized the jury's verdict for appellant and rendered judgment for the appellant accordingly. The following day, appellant filed a new motion for sanctions against appellee. On March 15, 2001, the trial court denied appellant's motion for a hearing and overruled appellant's request for sanctions. Specifically, the trial court found:
 The Court certainly finds from the evidence in this case that there were misunderstandings between the parties attendant to plaintiff's attempts to obtain a viable contract to sell defendant's property. Such misunderstandings do not rise to the degree which would constitute frivolous conduct by the plaintiff. The Court specifically finds that plaintiff's claim that the listing agreement between the parties has an extension clause which plaintiff could reasonably base his claim. The jury obviously determined otherwise.
It is from this judgment entry appellant prosecutes this appeal, assigning the following error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING THE APPELLANT'S MOTION FOR HEARING UPON THE ISSUE OF WHETHER OR NOT THE PLAINTIFF HAD ENGAGED IN FRIVOLOUS CONDUCT AS DEFINED IN SECTION 2323.51 OF THE OHIO REVISED CODE, REQUESTING HEARING THEREON AND AN ORDER FINDING THAT THE PLAINTIFF'S CONDUCT IN FILING AND PROSECUTING THIS CASE CONSTITUTED SUCH FRIVOLOUS CONDUCT AS SO DEFINED AND THAT THE PLAINTIFF, BY HIS ATTORNEY, VIOLATED CIVIL RULE 11.
 I
In his sole assignment of error, appellant first maintains the trial court erred in overruling his motion for a hearing on the issue of whether or not appellant had engaged in frivolous conduct as defined in R.C. 2323.51. Appellant also appears to maintain the trial court erred in failing to find sanctions pursuant to the statute. We address each of appellant's contentions in turn.
Appellant first maintains the trial court erred in failing to conduct a hearing on his motion for sanctions. However, in a December 5, 2000 Judgment, the trial court noted:
 It was decided that defendant's claim for attorney fees due to alleged frivolous conduct by the plaintiff shall be tried to the court simultaneous with the jury trial herein.
Appellant was aware the hearing was to be conducted simultaneous with the jury trial. Accordingly, we find a hearing on the sanctions did, in fact, take place. The first portion of appellant's assignment of error is overruled.
Appellant next contends the trial court erred in failing to grant his motion for sanctions based upon the evidence.[1] We disagree.
R.C. 2323.51 governs awards of attorney's fees as a sanction for frivolous conduct. The statute states, in relevant part:
(A) (1)* * * "Conduct" means any of the following:
 (a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking any other action in connection with a civil action;
* * *
(2) "Frivolous conduct" means either of the following:
 (a) Conduct * * *[a] party to a civil action, * * * or of * * * [an] other party's counsel of record that satisfies either of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 (ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
A trial court's decision to grant or to deny a request for attorney fees will not be disturbed absent an abuse of discretion.[2] An abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable.[3]
We note appellant never filed a motion to dismiss or a motion for summary judgment. Further, the record does not indicate appellant made a motion for a directed verdict pursuant to Civ. R. 50, either after appellee's opening statement, at the close of appellee's case, or the close of all evidence.
Our review of the record demonstrates appellant presented, at best, a colorable claim. While we would not have found an abuse of discretion had the trial court determined appellee's claim to be frivolous, we do not find the trial court's decision not to find frivolous conduct to be unreasonable, arbitrary or unconscionable. Accordingly, we find no abuse of discretion in the trial court's decision to deny appellant's motion for sanctions.
Appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Municipal Court is affirmed. Costs assessed to appellant.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.
[1] Appellant withdraws his claim appellee violated the terms of Civ. R. 11 in his reply brief.
[2] Baldwin v. Perkins (June 14, 2001), Knox App. No. 00 CA 0016, unreported, citing Lewis v. Celina Financial Corp. (1995),101 Ohio App.3d 464.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.